On September 8, 1994, the trial court sentenced Antonio Lewis to 3 — 15 years incarceration for robbery. Lewis had been indicted for aggravated robbery, an aggravated felony of the first degree; grand theft, a felony of the third degree together with two specifications; and failure to comply with a signal of a police officer, a felony of the fourth degree. In return for his guilty plea to robbery, the State reduced the aggravated robbery charge to one of robbery and dismissed the other charges and specifications. On June 10, 1997, this court granted Lewis leave to appeal. He advances two assignments of error.
 I. THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY FAILING TO ADVISE HIM OF HIS RIGHT TO REQUEST CONDITIONAL PROBATION AND TO FOLLOW THE DICTATES OF OHIO R.C. § 2951.04.
The State concedes that Lewis, in his sentencing memorandum filed prior to sentencing, provided the trial court with reason to believe that he was drug dependent or in danger of becoming so, and requested conditional probation. The State further concedes that Lewis is entitled to an evidentiary hearing on his request pursuant to R.C. 2951.04(B). The State correctly points out that Lewis is not entitled to vacation of his plea, and that Lewis' request for conditional probation rendered harmless the trial court's failure to advise him of his right to request conditional probation. See R.C. 2951.04(A). The first assignment is sustained. Lewis' sentence will be vacated, and the matter will be remanded for the hearing required by R.C. 2951.04(B).
 II. APPELLANT'S RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED.
Lewis was indicted in a ten count indictment together with Mitchell Murray. Lewis contends he was denied the effective assistance of counsel because his trial counsel did not move to sever at least two of his three counts from at least six of the seven counts against Murray. He contends that only one of the seven counts against Murray charged the same offense as one of the three counts against him. See Counts 3 (Lewis) and 8 (Murray) charging failure to comply with signal of police officer on June 2, 1994. He claims that his fear of being found "guilty by association" coerced his guilty plea to robbery.
Counts 1 and 2 against Lewis charged offenses committed May 29, 1994. All counts (4-10) against Murray charged offenses committed June 2, 1994. Thus, except for counts 3 and 8, counsel may have been able to make a compelling argument for separate trials. See Crim.R. 14. However, this record fails to demonstrate that Lewis was "coerced" to plead guilty or otherwise prejudiced by his counsel's not moving to sever.
Defense counsel negotiated a very favorable plea for Lewis. Consideration for the State's favorable consideration was Lewis' willingness to testify against Murray and to plead guilty to robbery. (Lewis was relieved of testifying against Murray when Murray himself pleaded guilty prior to Lewis doing so.) There is no record support for Lewis' contention that he was coerced into pleading guilty to robbery by the prospect of a joint trial with Murray. Furthermore, from the record it appears that when Lewis pleaded guilty, a trial date had not been set. Had it been necessary to set the matter for trial, defense counsel may well have then successfully moved for separate trials. See Crim.R. 12(C).
Lewis also contends that defense counsel was ineffective in not moving for conditional probation, but we agree with the State that defense counsel's sentencing memorandum was the functional equivalent of a motion for conditional probation.
Finally, Lewis contends that defense counsel was ineffective in not filing a timely notice of appeal. Assuming arguendo that counsel was ineffective in this regard by allowing this late appeal, we have provided the only appellate remedy available to us. Counsel's failure to file a timely notice of appeal is not a basis for reversal of Lewis' conviction.
The second assignment is overruled.
Pursuant to our disposition of the first assignment of error, the sentence is vacated, and the matter is remanded for the hearing required by R.C. 2951.04(B).
YOUNG, P.J. and GRADY, J., concur.
Copies mailed to:
George A. Katchmer
Harry G. Beyoglides, Jr.
Hon. Barbara P. Gorman